**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| ALLEN M. YOCUM, | ) |
| Plaintiff | ) |
| vs. | ) CASE NO. 2:17-CV-64 |
| STIVERS CONSULTING, INC. and MICHAEL STIVERS | ) |
| Defendants | ) |

*PLAINTIFF'S COMPLAINT FOR DAMAGES*

Comes now the plaintiff, Allen M. Yocum (hereinafter "Yocum"), by counsel, and for his claims against the Defendants, Stivers Consulting, Inc. and Michael Stivers (hereinafter collectively "Stivers Consulting" unless a defendant is identified by full name), alleges and says:

*I. FACTUAL ALLEGATIONS*

1. Yocum is a resident of the State of Indiana, and is domiciled in Terre Haute, Vigo County, Indiana.

2. Stivers Consulting is a company headquartered in Vigo County, Indiana. Stivers Consulting is a construction company. Stivers Consulting describes its principal office address as P.O. Box 10092, Terre Haute, Indiana 47801.

3. Yocum was hired to work as a laborer for Stivers Consulting after he responded to an online classified advertisement on Indeed.com. Yocum began working for Stivers Consulting on November 15, 2016. The last date Yocum performed any work for Stivers Consulting was January 10, 2017.

4. Stivers Consulting promised to pay Yocum at the rate of $10.00 per hour for his work. Stivers Consulting did not, however, pay Yocum at an overtime premium rate (which would have been $15.00 per hour) for hours Yocum worked in excess of forty in any work week.

5. Defendant Michael Stivers is believed to be the primary shareholder of Stivers Consulting and Michael Stivers has operational control over Stivers Consulting. Michael Stivers is the person who hired Yocum and Michael Stivers is the person who promised to pay Yocum wages of $10.00 per hour.

6. During his short period of employment, Yocum worked for Stivers Consulting at two construction sites in Clay County, Indiana. Yocum worked primarily on a construction project at Hollybrook Villas in Brazil, Indiana. For a few days, Yocum also worked for Stivers Consulting on a home remodeling project at a residence in Brazil, Indiana.

7. During his brief employment, Yocum turned in his recorded hours of work each week to Michael Stivers, Sr., his supervisor on the Clay County construction projects.

8. During his employment, Yocum kept his own, contemporaneous record of the days and hours he worked for Stivers Consulting. Between November 15, 2016 and January 10, 2017, Yocum worked 283.0 hours for Stivers Consulting. Stivers Consulting paid Yocum only one time, on December 13, 2016, when it paid him a gross amount of Seven Hundred Ninety-Five Dollars ($795.00). This figure represented payment for 79.5 combined hours of work at a straight time rate of $10.00 per hour. Stivers Consulting did not pay Yocum at an overtime rate for any of his work. Stivers Consulting still owes Yocum wages and overtime compensation for 203.5 hours of work.

9. Yocum has communicated with Defendant Michael Stivers to obtain the balance of his wages. His requests have not been granted, but, largely, Mr. Stivers has offered excuses to

Yocum. Primarily, Mr. Stivers has told Yocum that he has not been paid because Mr. Stivers has other bills to pay and/or Mr. Stivers is waiting to be paid by certain customers. Neither is a legal or valid excuse to refuse timely payment of wages and overtime to an employee.

10. Particularly because he is not and has not been paid for his work, Yocum voluntarily resigned his employment with Stivers Consulting after January 10, 2017.

11. In at least four (4) different calendar weeks, Yocum worked more than forty (40) hours in a work week. Those weeks are the week beginning Monday November 14, 2016 (43.5 hours), the week beginning Monday November 28, 2016 (50.0 hours), the week beginning Monday December 5, 2016 (57.0 hours), and the week beginning Monday December 19, 2016 (44.5 hours). In total, Yocum worked at least thirty-five (35.0) overtime hours without receiving overtime compensation at a rate equal to one and one-half his regular rate of pay.

12. Stivers Consulting failed and refused to pay Yocum his earned wages and overtime compensation in full and one time. Moreover, inasmuch as Stivers Consulting has paid Yocum no wages whatsoever for his work not covered by the December 13, 2016 check (which means work from late November 2016 through January 10, 2017), Stivers Consulting has committed FLSA minimum wage violations.

13. Between unpaid wages and overtime compensation, Stivers Consulting underpaid Yocum's wages and overtime compensation by at least $2,210.00. Yocum also seeks statutory liquidated damages from Stivers Consulting under the Indiana Wage Payment Statute (see I.C. 22-2-5-2) and the Fair Labor Standards Act.

14. Stivers Consulting willfully, intentionally, knowingly and in bad faith violated Yocum's rights under the Fair Labor Standards Act and the Indiana Wage Payment Statute. By way of this Complaint, Yocum is seeking all available damages, including, but not limited to, all

unpaid wages, all unpaid overtime compensation, all unpaid minimum wages, all liquidated and/or statutory damages, plus payment of his reasonable attorney's fees, costs and expenses.

## *II. JURISDICTION AND VENUE*

15. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331 and 29 USC § 201 et seq, as Yocum raises a federal question of law. This Court has supplemental jurisdiction over Yocum's claims raised under Indiana law which arise from a common core of facts.

16. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## *III. PARTIES*

17. Yocum is domiciled in and a resident of Vigo County, Indiana.

18. Stivers Consulting, Inc. is headquartered in Vigo County, Indiana.

19. Defendant Michael Stivers is domiciled in and a resident of Vigo County, Indiana.

## *IV. STATEMENT OF CLAIMS*

### *A. Claims Under the Fair Labor Standards Act*

20. Yocum incorporates herein by reference paragraphs 1 through 19 above.

21. Defendant Stivers Consulting, Inc. is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Defendant Stivers Consulting, Inc. is an "employer," as that term is defined by the FLSA. Defendant Stivers Consulting, Inc. is a "joint employer" as that term is defined by the FLSA. Finally, Defendant Stivers Consulting, Inc. is a "person" as that term is defined by the FLSA.

22. For purposes of liability under the FLSA, Defendant Michael Stivers is an

"employer," as that term is defined by the FLSA. See 29 USC § 203(d). Additionally, Defendant Michael Stivers is a "joint employer" as that term is defined by the FLSA. Finally, Defendant Michael Stivers is a "person" as that term is defined by the FLSA.

23. The Defendants, individually and acting jointly, have violated Yocum's rights to be properly paid minimum wages and overtime wages in a manner required by the FLSA. Specifically, Yocum is a non-exempt employee and Stivers Consulting was required to pay Yocum for each hour he worked and pay him at an overtime premium rate for any and all hours worked each week in excess of forty (40).

24. Each of the Defendants' failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification.

25. Yocum seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for the Defendants' violations of the Fair Labor Standards Act.

26. Defendants are jointly and severally liable to Yocum, as they have jointly directed and controlled Yocum's employment, and they have acted in concert to violate Yocum's rights to minimum wages and overtime wages under the FLSA.

### B. Claims Under the Indiana Wage Payment Statute

27. Yocum incorporates herein by reference paragraphs 1 - 19 above.

28. Stivers Consulting's failure to pay Yocum at all for his most of his work is not in "good faith." Stivers Consulting's refusal and failure to pay wages to Yocum is certainly bad faith activity. Yocum is certainly entitled to payment of all of his earned hourly wages along with an amount equal to two (2) times the amount of those wages (statutory liquidated damages).

29. By way of this Complaint, Yocum is seeking all available damages, including all unpaid wages, an additional amount equal to two (2) times his unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to the damages provision of the Indiana Wage Payment Statute. See I.C. 22-2-5-2.

### C. Alternatively-Pled Claims for Unpaid Minimum Wages and Overtime Compensation Under the Indiana Minimum Wage Law of 1965

30. Yocum incorporates herein by reference paragraphs 1 through 19 above.

31. While Yocum certainly believes the FLSA applies to his minimum wage and overtime claims, from an abundance of caution, Yocum pleads this claim under the Indiana Minimum Wage Law of 1965 in the alternative, in the event that Stivers Consulting does not meet the FLSA's definition of "enterprise." If Stivers Consulting is not covered in any way by the FLSA, then Stivers Consulting is definitely an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at I.C. 22-2-2-3, with two or more employees at all times relevant to the events described in this complaint.

32. For purposes of liability under the Indiana Minimum Wage Law of 1965, Defendant Michael Stivers is an "individual" who is an "employer," as that term is defined by the Indiana Minimum Wage Law of 1965.

33. Yocum was a non-exempt employee. Stivers Consulting violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing to pay Yocum at all for most of his hours of work. Additionally, Stivers Consulting violated the Indiana Minimum Wage Law of 1965's overtime provisions by failing and refusing to pay Yocum at an overtime rate for hours worked in excess of forty in a calendar week.

34. Stivers Consulting's failure to comply with the Indiana Minimum Wage Law of 1965's provisions regarding minimum wages and overtime compensation was and is willful and

without justification.

35. Yocum seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for Stivers Consulting's violations of the Indiana Minimum Wage Law of 1965.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Allen M. Yocum respectfully requests that the Court enter judgment against both of the Defendants, holding the Defendants jointly and severally liable to him for violations of the FLSA, the Indiana Wage Payment Statute, and/or the Indiana Minimum Wage Law of 1965, and issue to him all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all statutory/liquidated damages for late paid wages, plus payment of all reasonable attorney's fees, costs and expenses;

3. All damages available under the Indiana Minimum Wage Law of 1965, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

4. Costs;

5. Pre-judgment interest, if available; and

6. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP


By/s/Robert P. Kondras, Jr.
    Robert P. Kondras, Jr.
    Attorney No. 18038-84
    100 Cherry Street
    Terre Haute, IN 47807
    (812) 232-9691
    Facsimile: (812) 234-2881
    kondras@huntlawfirm.net